UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

NEIL BROUSSARD : CIVIL ACTION NO. 2:13-cv-120

VERSUS : JUDGE MINALDI

WARDEN, LOUISIANA STATE : MAGISTRATE JUDGE KAY
PENITENTIARY

**REPORT AND RECOMMENDATION**

Before the court is the application for writ of habeas corpus by petitioner, Neil Broussard. For the reasons stated herein, IT IS RECOMMENDED that the application be DENIED and DIMISSED WITHOUT PREJUDICE.

Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He alleges that he has been improperly denied good time credits, and he argues that he should have already been released from custody based on the credits he is entitled to receive. Petitioner says that he raised this issue in a series of administrative complaints to no avail.

Federal courts of the United States have jurisdiction to entertain applications for writs of habeas corpus on behalf of a person in State custody only if that person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). An application "shall not be granted," however, "unless . . . the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. 2254(b)(1)(A). This exhaustion doctrine requires a petitioner to present all federal claims to the state court before requesting federal habeas relief. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). State court prisoners must afford "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*,

526 U.S. 838, 845 (1999). The federal claims should be presented to state courts "in a procedurally proper manner according to the rules of the state courts." *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

Petitioner sought relief from the Louisiana Department of Public Safety and Corrections ("DPSC") regarding his belief that he was wrongfully denied good time credits. DPSC denied petitioner's claims. Louisiana law affords petitioner the opportunity to seek relief from this decision. The Louisiana First Circuit Court of Appeals has aptly described this process as follows:

> Louisiana Revised Statute 15:1177 provides for judicial review of an adverse decision by the DPSC. On review of the agency's decision, the district court functions as an appellate court. Its review shall be confined to the record and shall be limited to the issues presented in the petition for review and the administrative remedy request filed at the agency level. LSA-R.S. 15:1177(A)(5). The court may affirm the decision of the agency or remand the case for further proceedings, or order that additional evidence be taken. LSA-R.S. 15:1177(A)(8). The court may reverse or modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or (6) manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. LSA-R.S. 15:1177(A)(9).

*Owens v. Stalder*, 965 So. 2d 886, 888 (La. App. 1 Cir. 2007).

Petitioner admittedly has not pursued the relief described, and thus, his claim is not properly exhausted. Petitioner cannot circumvent the state corrective process available by immediately pursuing federal habeas relief.

Accordingly, IT IS RECOMMENDED that the application be DENIED and DISMISSED WITHOUT PREJUDICE. Petitioner may seek the appropriate relief in state court.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, petitioner has fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court.

Failure to timely file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 25th day of June, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE